UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SANDRA GENE BREWER,<br><br>    Plaintiff,<br><br>v.<br><br>BEDFORD COUNTY SHERIFF'S<br>DEPARTMENT et al.,<br><br>    Defendants. | Case No. 3:23-cv-01225<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

Pro se Plaintiff Sandra Gene Brewer's son died after an interaction with personnel from Defendants the Bedford County Sheriff's Department (BCSD), the Rutherford County Sheriff's Department (RCSD), and David Brown. (Doc. Nos. 1, 7.) Brewer brings this action under 42 U.S.C. § 1983 against the defendants seeking compensation for the loss of her son's life. (*Id.*) Brown and the BCSD (Doc. No. 14) and the RCSD (Doc. No. 17) have moved to dismiss Brewer's claims against them. For the reasons that follow, the Magistrate Judge will recommend that Brewer's case be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) and that the motions to dismiss be terminated as moot.

I.     **Relevant Background**

Brewer brought this action under Section 1983 and filed an amended complaint as a matter of course that is the operative pleading in this action. (Doc. Nos. 1, 7.) Brewer alleges that, on December 12, 2022:

> BCSD came to my home . . . to serve 3 summons[es] on my son, Rhett Brewer. He refused to talk to them. Never threatened anyone. He had a shotgun but did not

> point at officers. The police invaded my home, swat team surrounded house [and] RCSD joined them with tank, drones, robot. They shot out almost every window in my house with gas bomb, kicked in doors, destroyed everything. Shot my son 3 times in the back with sandbag bullets.
>
> . . .
>
> David Brown was at the door with BCSD, loaded pistol, smelling of ETOH and yelling get that m[*****] f[*****] out here and I'll shoot him. He was not invited on to my property.

(Doc. No. 7, PageID# 19.)

Brown and the BCSD moved to dismiss Brewer's claims against them on March 18, 2024. (Doc. No. 14.) The RCSD moved to dismiss Brewer's claims against it on April 12, 2024. (Doc. No. 17.)

On May 6, 2024, the Court found that Brewer had not responded in opposition to the defendants' motions to dismiss. (Doc. No. 19.) The Court therefore ordered Brewer to show cause by May 15, 2024, why the Magistrate Judge should not recommend that her claims be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and ordered her to file any responses in opposition to the defendants' motions by May 20, 2024. (*Id.*) The Court warned Brewer that failure to comply with the Court's show-cause order would likely result in a recommendation that this action be dismissed for failure to prosecute. (*Id.*) Brewer did not respond to the May 6, 2024 order to show cause and did not file responses in opposition to the defendants' motions.

The Court identified an error in its initial show-cause order as to the date by which Brewer's response to Brown and the BCSD's motion to dismiss was to have been filed and, out of an abundance of caution, afforded Brewer a second opportunity to demonstrate her intent to pursue her claims. (Doc. No. 20.) The Court ordered Brewer to file by June 17, 2024, her responses to the defendants' motions to dismiss and to the Court's previous order to show cause. (*Id.*) On June 11,

2024, the Court received a letter from Brewer stating that, because she "ha[d] not been able to find a lawyer to take [her] case," she would "have to drop the case unless [the Court could] help [her]." (Doc. No. 21.) Brewer did not address the Court's show-cause orders or the defendants' motions to dismiss. She has not filed anything in the case since June 11, 2024.

II.     **Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736. The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or

contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

### III. Analysis

As a threshold matter, the Court could construe Brewer's June 11, 2024 letter, in which she states that she is "at a loss as to what else to do" and "will have to drop the case unless you can help me," as a motion to voluntarily dismiss her case without prejudice under Federal Rule of Civil Procedure 41(a)(2). However, because Brewer does not state with specificity that she wants that relief, the Court will consider Brewer's letter in the context of its Rule 41(b) analysis. For the reasons set out below, the Court will recommend that dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of failure to prosecute by Brewer.

### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting

*Mulbah*, 261 F.3d at 591). Between November 20, 2023, and March 5, 2024, Brewer initiated the action, paid the filing fee, amended her complaint, and filed a change of address. (Doc. Nos. 1, 5, 7, 9.) Although Brewer has not responded to the motions to dismiss or the Court's show-cause orders, the Court does not find that failure to have been motivated by bad faith.

There is no indication that bad faith motivated Brewer's failure to respond to the motions or show-cause order. Rather, Brewer states that she "ha[s] not been able to find a lawyer to take [her] case" and, for that reason, is unable to pursue her claims.[1] (Doc. No. 21.) However, even if Brewer's failure to respond is not in bad faith, it still reflects "willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see id.* (explaining that "[a] party's failure to respond in the face of a warning by the court that such failure could result in dismissal of a complaint tips the scale in favor of dismissal on the first factor"); *Malott v. Haas*, Civ. Action No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017) (finding the first factor of Rule 41(b) analysis weighed in favor of dismissal where defendants had filed motion for summary judgment, the Court extended the time for plaintiff to respond in opposition, and plaintiff failed to respond to the Court's show-cause orders), *report and recommendation adopted*, 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017). The first factor therefore weighs in favor of dismissal.

---

[1] To the extent Brewer's letter can be construed as a motion for appointment of counsel, the Court would not be inclined to grant it. In civil actions, unlike criminal proceedings, there is no constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) ("'Appointment of counsel in a civil case is not a constitutional right.'" (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985))); *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), for the proposition that "there is no constitutional right to an appointed counsel in a civil action"). District courts have discretion to appoint a lawyer to represent "any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1). Brewer does not appear *in forma pauperis* and has not represented that indigency is the reason she has not been able to hire a lawyer.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

RCSD, BCSD, and Brown have appeared in this action and moved to dismiss Brewer's claims against them. Because filing a motion to dismiss is a typical step in early litigation, the second factor weighs against dismissal here. *See id.* at 739–40.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court expressly warned Brewer twice that her failure to respond to the Court's show-

cause order or to file any responses in opposition to the defendants' motions could result in dismissal of her claims. (Doc. Nos. 19, 20.) This factor therefore supports dismissal. *Schafer*, 529 F.3d at 740.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here even though the defendants have filed motions to dismiss. *See Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *1 (E.D. Mich. Nov. 24, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED without prejudice under Federal Rule of Civil Procedure 41(b), for Brewer's failure to prosecute her claims. As a result, the Magistrate Judge also RECOMMENDS that the defendants' motions to dismiss (Doc. Nos. 14, 17) be TERMINATED as moot.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 24th day of January, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge