IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SANDRA GENE BREWER,                )
                                   )
      Plaintiff,                   )
                                   )          NO. 3:23-cv-01225
v.                                 )
                                   )          JUDGE RICHARDSON
BEDFORD COUNTY SHERIFF'S           )
DEPARTMENT, et al.,                )
                                   )
      Defendants.                  )

**ORDER**

Pending before the Court[1] is a report and recommendation (Doc. No. 24, "R&R") of the

Magistrate Judge which recommends that the Court dismiss this matter in its entirety without

prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and that the

outstanding motions to dismiss in this matter (Doc. Nos. 14, 17) be terminated as moot. No

objections to the R&R have been filed, and the time for filing objections has now expired.[2]

Absent any objection to the statement of facts (regarding the procedural history and

underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court

adopts that factual background in its entirety, and includes it here for reference.

> Brewer brought this action under Section 1983 and filed an amended
> complaint as a matter of course that is the operative pleading in this action. (Doc.
> Nos. 1, 7.) Brewer alleges that, on December 12, 2022:

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who
authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file
any written objections to the Recommendation with the District Court. For pro-se plaintiffs, like Plaintiff,
the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported
by mail. But even this extension does not help Plaintiff because the R&R was filed on January 24, 2025
and as of February 21, 2025 Plaintiff has not filed any objections.

BCSD came to my home . . . to serve 3 summons[es] on my son, Rhett Brewer. He refused to talk to them. Never threatened anyone. He had a shotgun but did not point at officers. The police invaded my home, swat team surrounded house [and] RCSD joined them with tank, drones, robot. They shot out almost every window in my house with gas bomb, kicked in doors, destroyed everything. Shot my son 3 times in the back with sandbag bullets. . . .

David Brown was at the door with BCSD, loaded pistol, smelling of ETOH and yelling get that m[*****] f[*****] out here and I'll shoot him. He was not invited on to my property.

(Doc. No. 7, PageID# 19.)

Brown and the BCSD moved to dismiss Brewer's claims against them on March 18, 2024. (Doc. No. 14.) The RCSD moved to dismiss Brewer's claims against it on April 12, 2024. (Doc. No. 17.)

On May 6, 2024, the Court found that Brewer had not responded in opposition to the defendants' motions to dismiss. (Doc. No. 19.) The Court therefore ordered Brewer to show cause by May 15, 2024, why the Magistrate Judge should not recommend that her claims be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and ordered her to file any responses in opposition to the defendants' motions by May 20, 2024. (Id.) The Court warned Brewer that failure to comply with the Court's show-cause order would likely result in a recommendation that this action be dismissed for failure to prosecute. (Id.) Brewer did not respond to the May 6, 2024 order to show cause and did not file responses in opposition to the defendants' motions.

The Court identified an error in its initial show-cause order as to the date by which Brewer's response to Brown and the BCSD's motion to dismiss was to have been filed and, out of an abundance of caution, afforded Brewer a second opportunity to demonstrate her intent to pursue her claims. (Doc. No. 20.) The Court ordered Brewer to file by June 17, 2024, her responses to the defendants' motions to dismiss and to the Court's previous order to show cause. (Id.) On June 11, 2024, the Court received a letter from Brewer stating that, because she "ha[d] not been able to find a lawyer to take [her] case," she would "have to drop the case unless [the Court could] help [her]." (Doc. No. 21.) Brewer did not address the Court's show-cause orders or the defendants' motions to dismiss. She has not filed anything in the case since June 11, 2024.

(Doc. No. 24 at 1-3). The Magistrate Judge concluded that Plaintiff's claims against Defendants should be dismissed without prejudice under Rule 41(b) based on Plaintiff's failure to prosecute.

No party has filed objections to the R&R, and the time to file objections with the Court has passed. Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the report and recommendation with the District Court. For pro-se plaintiffs, like Plaintiff here, the Court is willing to extend this fourteen-day deadline by three days to allow time for filings to be transported by mail.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Absent objection, the R&R (Doc. No. 24) is adopted and approved. Accordingly, this matter is DISMISSED WITHOUT PREJUDICE, and Defendants' motions to dismiss (Doc. Nos. 14, 17) are DENIED AS MOOT.

Accordingly, the Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE